# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

Daphne Reis,

        Plaintiff,

  -against-

Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
Trans Union, LLC, and
Citibank, N.A.,

        Defendant(s).

Case No. 1:24-cv-1031 (DNH/DJS)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Daphne Reis, by and through counsel, as and for this Complaint against Defendants Equifax Information Services ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("TransUnion"), (Equifax, Experian, and TransUnion, each a "Bureau" and collectively "Bureaus"), and Citibank, N.A. ("Citi" or "Furnisher"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

1. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA").

2. As described more fully below, Defendants improperly reported balances and delinquencies for accounts on Plaintiff's credit report that were the result of fraud and identity theft.

3. Plaintiff disputed the account providing the necessary documentation.

4. Defendants failed correct the inaccuracies.

5. Plaintiff was thereby damaged.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p *et seq*.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

## PARTIES

8. Plaintiff is a resident of New York, County of Montgomery.

9. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

10. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

11. Equifax is a Georgia corporation registered to do business in this State.

12. Equifax may be served with process c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

13. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

14. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

16. Experian is an Ohio corporation registered to do business in this State.

17. Experian may be served with process c/o CT Corporation System, 28 Liberty St., New York, NY 10005.

18. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

19. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

20. Defendant TransUnion, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

21. Defendant TransUnion is a Delaware corporation registered to do business in this State.

22. TransUnion may be served with process c/o The Prentice-Hall Corporation System, Inc., 80 state Street, Albany, NY 12207.

23. At all times material hereto, TransUnion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

24. At all times material hereto, TransUnion disbursed such consumer reports to third parties under a contract for monetary compensation.

25. Defendant Citi is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

26. Citi has an address for service at 388 Greenwich St, New York, NY 10013-2362.

## FACTUAL ALLEGATIONS

27. Plaintiff incorporates the above allegations as if set forth here.

### Background

28. Plaintiff is a victim of fraud and identity theft.

29. One or more unknown individuals stole Plaintiff's financial and/or personal information.

30. They gained access to Plaintiff's personal information.

31. Unbeknownst to Plaintiff, her personal information was used to open a Citi account.

32. In or around December 2023, Plaintiff noticed a Citi account on her credit report that was opened under her name and that had balances that were not incurred by her.

33. There is a Citi account in Plaintiff's name with an account number beginning in 426938… ("Account").

34. Plaintiff realized that the Account was also appearing on her credit reports from each Bureau.

35. The Account was then appearing on each Bureau's credit report overdue.

36. Yet, the balance on the Account was not from Plaintiff.

37. It was fraudulently incurred without her approval.

38. Plaintiff did not authorize anyone to open this Account.

39. Plaintiff did not enter into transactions with Furnisher, or anyone, for those charges.

4

40. Plaintiff is a victim of fraud and identity theft.

41. Plaintiff reported this identity theft crime to law enforcement.

42. Plaintiff reported this crime to the Federal Trade Commission.

43. The Federal Trade Commission operates the website IdentityTheft.gov which is "the federal government's one-stop resource for identity theft victims. The site provides streamlined checklists and sample letters to guide you through the recovery process." https://www.identitytheft.gov.

44. On or about November 29, 2023 Plaintiff filed an Identity Theft Report with the Federal Trade Commission ("FTC Report").

45. The Report number is 155029460.

46. Plaintiff confirmed that she is a victim of the crime of identity theft.

47. Plaintiff confirmed her understanding that knowingly making false statements to the government may result in a fine, imprisonment, or both.

48. The FTC Report states, "Use this form to prove to business and credit bureaus that you submitted an FTC Identity Theft Report to law enforcement."

49. An FTC Report is acceptable proof of identity theft to block items in a consumer's credit report as disputed for being fraudulent.

50. Upon receipt of notice of identity theft, the Bureau is required to block the disputed information pursuant to 15 U.S.C. § 1681c-2.

Violations

51. In a letter dated December 22, 2023, Plaintiff disputed the veracity of the reporting and described how she is a victim of identity theft. ("First Dispute").

52. Plaintiff sent her Dispute to each Bureau.

53. In her Dispute, Plaintiff included a description of the identity theft, the FTC Report identity theft affidavit, her date of birth, a copy of her social security card, a copy of her ID, a utility bill to confirm her identity, her telephone number, and email address.

54. On or around January 6-10, 2024, Plaintiff sent a second dispute to each Bureau ("Second Dispute") (First Dispute and Second Dispute collectively "Dispute" or "Disputes").

55. Each Bureau is required by law to notify Furnisher of Plaintiff's dispute(s).

56. It appears and is therefore averred that each Bureau notified Furnisher of Plaintiff's dispute(s).

57. Despite the Dispute, and subsequent to it, the Account and fraudulent balance remained on Plaintiff's credit report from each Bureau.

58. Despite being on notice from Plaintiff upon receipt of the Dispute(s), Furnisher was reporting the Account and balance to each Bureau.

59. Each Bureau was reporting the Account and balance on Plaintiff's credit reports.

60. On information and belief, on date(s) better known to each Bureau, it issued credit reports concerning the Plaintiff that included the Account and incorrect balance.

61. On information and belief, on date(s) better known to each Bureau, it issued credit reports concerning the Plaintiff that included Account tradelines.

62. The information furnished by Furnisher and published by each Bureau was inaccurate.

63. Each Bureau had been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

64. Upon receipt of the dispute(s) of the account by the Plaintiff from each Bureau, Furnisher failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to their respective disputed Accounts.

65. Had Furnisher conducted a reasonable investigation it would have been revealed to it that its Account information was inaccurate.

66. A reasonable investigation by each Defendant would have revealed that each respective Account is being incorrectly reported.

67. Defendants were in receipt of the evidence showing that the reported information was inaccurate.

68. Each Bureau was in receipt of information showing the information reported by Furnisher was inaccurate.

69. Despite the Dispute(s) by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed Account, each Defendant did not evaluate or consider any of the information, claims, or evidence of Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account(s) was inaccurate.

70. Each Defendant did not even call Plaintiff to discuss her claims.

71. Each Defendant did not even email Plaintiff to discuss her claims.

72. Each Defendant did not even mail correspondence to Plaintiff to discuss her claims and to conduct its investigation or reinvestigation of the Accounts.

73. This is despite the fact that Plaintiff provided her telephone number for them to discuss the matter.

74. This is despite the fact that Plaintiff provided her email address for them to discuss the matter.

75. This is despite the fact that Plaintiff provided her mailing address for them to discuss the matter.

76. Upon information and belief, each Defendant did not call the FTC to discuss the matter.

77. Upon information and belief, each Defendant did not email the FTC to discuss the matter.

78. Upon information and belief, each Defendant did not mail any correspondence to the FTC to discuss the matter.

79. Each Bureau's actions described herein violated 15 U.S.C. § 1681i.

80. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

81. Each Bureau further violated 15 U.S.C. § 1681c-2 (a) (Block of information resulting from identity theft).

82. Furnisher' actions described herein violated 15 U.S.C. 1681s-2 (b).

83. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

84. Defendants knew the information was inaccurate.

85. Each Defendant was in possession of the documentation of the inaccuracies and fraud of the Account yet persisted in reporting it anyway.

86. Upon information and belief, each Bureau did not request any supporting documentation from Furnisher during its investigation(s) of Plaintiff's Dispute(s)

87. Upon information and belief, Furnisher did not send any documentation to each Bureau during its investigation(s) of Plaintiff's Dispute(s).

88. Furnisher continues to furnish credit data which is inaccurate and materially misleading, and each Bureau's reporting of the above-referenced tradeline(s) continue to be inaccurate and materially misleading.

89. Equifax responded to Plaintiff's dispute claiming the Account does not appear in Plaintiff's credit report.

90. This is false.

91. Equifax then responded again to Plaintiff's Dispute claiming it needed proof of Plaintiff's identity, the specific information that is the result of the identity theft, and the FTC Report.

92. Yet Plaintiff sent all this information with her Dispute.

93. Trans Union responded to Plaintiff's dispute claiming the request did not seem to be sent by her or a properly authorized third party therefore they won't take any action regarding the dispute.

94. This is false.

95. Trans Union was required to take action regarding Plaintiff's dispute(s).

96. Experian also responded to each of Plaintiff's disputes claiming it did not seem to have been sent by her or authorized by her and they would not take any action on the request.

97. This is false.

98. Experian was required to take action regarding Plaintiff's dispute(s).

## Damages

99. As a result of each Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

100. Each Defendant's erroneous reporting continues to affect Plaintiff's reputation, creditworthiness, and credit score.

101. Plaintiff suffered damage to her reputation as it falsely appears as if she is delinquent on the Account when she is not.

102. It also falsely appears as if Plaintiff owes money on the Account.

103. This false information was published to numerous third parties.

104. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful financial affairs.

105. Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify each Defendant's willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased credit score, a chilling effect on applications for credit, and the mental and emotional pain, anguish, humiliation, and embarrassment for having false information on her credit report, for credit denial, and for having others see the false credit information..

106. Plaintiff was denied funding opportunities due to Defendants' actions.

107. Plaintiff as denied multiple times for mortgage(s), personal loan(s) and credit cards.

108. These denials caused Plaintiff to suffer tangible and intangible losses of lack of available credit.

109. Plaintiff suffered and continues to suffer due to each Defendant's improper actions.

110. Plaintiff was emotionally distraught and damaged, had difficulty sleeping, and difficulty staying asleep.

111. Each Defendant's actions have exacerbated, enabled, and lengthened the impact of the identity thieves' crimes against Plaintiff.

112. Plaintiff was left with no choice but to institute the instant proceeding.

## FIRST CAUSE OF ACTION
### (Violations of the FCRA as to each Bureau)

113. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

114. This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

115. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Bureau maintained or furnished concerning the Plaintiff.

116. Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

117. The FCRA has provisions that specifically govern disputes based on identity theft, yet each Bureau failed to comply with those provisions.

118. When Plaintiff alleged identity theft and sent a valid identity theft report that was filed with law enforcement, each Bureau was required to stop reporting the fraudulent information in the Plaintiff's credit report. See 15 U.S.C. §§ 1681c-2(a), 1681a(q)(4); 12 C.F.R. § 1022.3(i)(1).

119. The FCRA thus reflects congressional recognition that it is unreasonable for each Bureau not to block information that is contained in a credit report due to identity theft when the crime has been reported to law enforcement.

120. Each Bureau further violated 15 U.S.C. § 1681c-2(a) (Block of information resulting from identity theft) by failing to block information in Plaintiff's credit report after receiving the Report.

121. Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

122. Each Bureau has willfully and recklessly, or in the alternative negligently, failed to comply with the Act.

123. The failure of each Bureau to comply with the Act include but is not necessarily limited to:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   c) The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

   d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

   f) failing to block information in Plaintiff's credit report after Plaintiff identified it as information that resulted from identity theft;

g) failing to promptly notify the furnisher of information identified by Plaintiff as information that resulted from identity theft;

h) The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

i) The failure to provide notice of a dispute to the Furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the Furnisher in response to a dispute.

124. As a result of the conduct, action and inaction of each Bureau, Plaintiff suffered damage as described above.

125. The conduct, action and inaction of each Bureau was willful rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

126. In the alternative, the conduct, action, and inaction of each Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

127. Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

128. WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## SECOND CAUSE OF ACTION
**(Violations of the FCRA as to Furnisher)**

129. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

130. This is an action for willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

131. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

132. Pursuant to the Act, Furnisher of disputed information must be notified by the credit reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

133. The Furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

134. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the Furnisher must report the results to any other agencies which were supplied such information.

135. Upon information and belief, and as described above, Furnisher received notice of Plaintiff's dispute(s) from one or more of the Bureaus.

136. Furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute(s) of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

137. Furnisher continued to report this information on the Plaintiff's credit report after being notified of the dispute(s) regarding the Account(s) as described above.

138. As a result of the conduct, action, and inaction of Furnisher, Plaintiff suffered damage as described above.

139. The conduct, action, and inaction of Furnisher was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

140. In the alternative, the conduct, action, and inaction of Furnisher was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

141. Plaintiff is entitled to recover reasonable costs and attorney's fees from Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

142. WHEREFORE, Plaintiff demands judgment for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## DEMAND FOR TRIAL BY JURY

143. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: August 21, 2024

                                       By: **STEIN SAKS, PLLC**
                                            s/ Eliyahu Babad
                                            Eliyahu Babad
                                            One University Plaza, Suite 620
                                            Hackensack, NJ 07601
                                            (201) 282-6500 x121
                                            EBabad@SteinSaksLegal.com

                                            *Attorneys for Plaintiff*